UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

**Electronically Filed**

| | |
|---|---|
| DAVID HENRY<br>445 White Oaks Drive<br>Waverly Hall, Georgia 31831<br><br>      Plaintiff<br>v.<br><br>UNITED STATES OF AMERICA<br><br>    Defendant<br><br>Serve:<br><br>Hon. Jeffery Sessions<br>Attorney General of the United States<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington D.C. 20530-0001<br><br>    And<br><br>Hon. Charles E. Peeler<br>United States Attorney<br>Middle District of Georgia<br>120 12th Street<br>Columbus, GA  31902 | )<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

---

Comes the plaintiff, DAVID HENRY, by and through counsel, and for his Complaint and cause of action against the defendant, United States of America (hereinafter "USA"), states as follows:

## JURISDICTION

1.      This action arises under the Federal Torts Claims Act, 28 U.S.C., Sections 1346(b) and 2671-2680, and this court has original jurisdiction over the proceeding against the defendant, USA.  Plaintiff suffered injuries and damages as a result of the negligence of an employee of the United States Government, while said employee was acting within the course and scope of his employment.  The USA, if a private person, would be liable to plaintiff in accordance with the laws of the through the doctrine of *respondeat superior* and other applicable law.  The United States of America is the proper defendant pursuant to 28 U.S.C., Sections 2674 and 2679.

2.      Service of Process may be perfected by serving a copy of the complaint and summons to the United States Attorney for the Middle District of Georgia and

forwarding a copy of same by certified mail, return receipt requested, to the Office of the Attorney General of the United States, Hon. Jeffery Sessions. Service is made on defendant, United States of America, pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

## VENUE

3. Plaintiff, David Henry, is a citizen of and a resident of Waverly Hall, Harris County, Georgia, in the Middle District of Georgia, and at all times relevant herein resided and continues to reside in said judicial district, and the acts and omissions complained of herein occurred in said judicial district. Venue is proper in the Middle District of Georgia pursuant to 28 U.S.C. Section 1402(b). Venue is proper in the Columbus Division of this Court because the matter giving rise to this action occurred in Harris County, Georgia, which is within said division.

## FACTS

4. On September 15, 2015, at approximately 11:45 a.m., Alisa Knight was operating a motor vehicle west-bound on Beaver Run Trail at Widgeon Drive in Harris County, Georgia, when she entered Beaver Run Trail, west-bound. At said time and place, Alina Knight was acting within the course and scope of her employment as a United States Postal Carrier for the United States Postal Service.

The United States Postal Service is an agency of the defendant, United States of America.

5.     At said time and place David Henry was traveling in a southeast direction on Widgeon Drive intending to turn left onto Beaver Run Trail, at the intersection of Widgeon Drive and Beaver Run Trail.  Alina Knight, while acting within the course and scope of her employment as an employee of the United States Postal Service, negligently and carelessly operated her motor vehicle so as to cause it to collide with and strike David Henry's vehicle, and thereby failed to yield the right of way to plaintiff, failed to exercise due care to avoid colliding with plaintiff, failed to keep a proper lookout ahead, failed to pay attention to the roadway in front of her, failed to operate her vehicle in a careful manner, and failed to keep control of her vehicle so as to avoid a collision.

6.     Under these facts and circumstances and under the laws of the State of Georgia, the person responsible for the operation of a motor vehicle in the manner described herein, if she were a private person, would be liable to plaintiff for his damages resulting from the collision.

7.     At the date and time of this collision, Defendant United States of America, by and through its employee, agent and servant, Alina Knight, failed to exercise ordinary care and otherwise violated its statutory and common law duties to

plaintiff as described herein, and its negligence and its negligence *per se* was a substantial factor in causing plaintiff's personal injuries and damages.

8.     As a direct and proximate result of the negligent and careless conduct of the USA, by and through its employee, agent and servant, Alina Knight, and without any negligence on the part of plaintiff, the plaintiff sustained severe and permanent injuries, impairment of bodily functions, and has been caused to incur healthcare expenses, and he will be caused to incur healthcare expenses in the future, he has suffered an increased likelihood of and susceptibility to injury and disease, he has been deprived of his enjoyment of life, he has suffered permanent injury, he has suffered pain, suffering, mental anguish and inconvenience and will be caused to endure pain and suffering and mental anguish in the future.

## **PROCEDURAL HISTORY**

9.     On September 15, 2017, the plaintiff filed his Standard Form 95 Claim for Damage Injury, or Death, with the United States Postal Service pursuant to the provisions of the Federal Torts Claims Act, 28 U.S.C., Sections 1346(b) and 2671-2680.  The Postal Service acknowledged receipt of the plaintiff's claim on September 19, 2017. True and correct copies of the plaintiff's SF 95 and the Postal Service's acknowledgement are attached hereto as exhibits and encorporated

herein by reference.

10.     As of the date of this Complaint, more than six months have passed since the filing of the Plaintiff's claim and the Postal Service has not provided any notice of final denial.

11.     Plaintiff has complied with all administrative requirements to assert this action, and all administrative remedies have been exhausted.

12.     In compliance with 28 U.S.C. Section 2401, plaintiff brings his cause of action herein against the United States of America more than six months after filing notice of the claim to the appropriate Federal agency within six (6) months.

   WHEREFORE, plaintiff David Henry demands judgment against the defendant, United States of America, as follows:

   1.     Compensatory damages to fairly and reasonably compensate plaintiff, not to exceed $1,000,000.00.

   2.     His costs herein incurred.

   3.     Interest at the maximum allowable rate.

   4.     Any and all other relief to which plaintiff may be entitled.

              (Signature on following page.)

Respectfully submitted this 5th day of October, 2018.

                                          By:    s/Robert A. DeMetz, Jr.
                                                      Robert A. DeMetz, Jr.
                                                      Attorney for Plaintiff
                                                      Georgia Bar No. 215070

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone:  (706) 324-1227
Fax:  (706) 324-1228
RDemetz@forthepeople.com