IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | | |
|---|---|---|---|
| DAVID T. HENRY, | * | | |
| Plaintiff, | * | | |
| vs. | * | CASE NO. 4:18-CV-207 (CDL) | |
| UNITED STATES OF AMERICA, | * | | |
| Defendant. | * | | |

O R D E R

David Henry brought this action against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq.* ("FTCA"), to recover for injuries he sustained in a collision between his vehicle and a mail truck driven by a United States Postal Service ("USPS") employee. The government moves for partial summary judgment, seeking to foreclose Henry from recovering damages related to certain medical treatments he received after September 2015. Henry did not respond to the government's motion. For the following reasons, the Court grants the government's motion for partial summary judgment (ECF No. 12).

STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material*

fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id*. at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

Viewed in the light most favorable to Henry, the record reveals the following facts.

I. **September 2015 Medical Treatments**

The collision at issue in this case occurred on September 15, 2015. Immediately after the collision, Henry was taken to the Emergency Department at St. Francis Hospital in Columbus, Georgia. Henry Dep. Ex. 2, Medical Records 024-029, ECF No. 17-1. Henry was later discharged with a diagnosis of "lumbar spine sprain, cervical sprain." *Id*. at 029. Henry returned to the Emergency Department on September 18, 2015 to follow up on the injuries he sustained in the collision. *Id*. at 019. He was discharged with a diagnosis of "acute low back pain, hypertension." *Id*. at 021.

II. **Post-September 2015 Medical Treatments**

On October 14, 2015, Henry went to the Emergency Department again complaining of a "possible blood clot in leg" and noting

that it could be related to his gout. *Id*. at 040. He was later discharged with a diagnosis of "lower extremity pain." *Id*. at 043.

Later that day, Henry returned to the Emergency Department with complaints of leg pain and was subsequently transferred to St. Francis. *Id*. at 051. Orthopedist, Dr. Luther Wolff, examined Henry and concluded that his physical examination, natural history, and previous medical history "[a]ll point toward an acute gouty arthropathy of the left foot, ankle, and knee." *Id*. at 066. Dr. Wolff recommended left knee arthroscopic debridement and irrigation, and he performed the procedure on October 15, 2015. *Id*. at 63, 66. Henry was discharged on October 17, 2015. *Id*. at 057. On November 5, 2015, Henry visited Dr. Wolff for a follow-up appointment and suture removal. *Id*. at 127.

On January 17, 2017, Henry went to the Emergency Department again complaining of swelling in the knee and leg. *Id*. at 085-88. The medical records state that Henry presented "with chronic knee [osteoarthritis]/gout nwas [sic] squatting and crawling at work yesterday soon after [left] knee has progressively became [sic] more swollen inflamed and tener [sic] similar to previous episoseds [sic] in past." *Id*. at 085.

On September 25, 2019, Henry testified in his deposition that his knee was still bothering him and he intended to return to the

3

Emergency Department soon to see about it. Henry Dep. 157:3-18, ECF No. 16.

DISCUSSION

The government seeks to preclude Henry from recovering damages stemming from his post-September 2015 medical treatments. It argues that Henry failed to establish that the automobile collision, rather than Henry's gout, caused those damages. Henry's FTCA claim sounds in negligence, and to succeed on a negligence claim, he must show "a causal connection between the defendant's conduct and [his] injury." *Caesar v. Wells Fargo Bank, N.A.*, 744 S.E.2d 369, 373 (Ga. Ct. App. 2013).[1] "When the causal link between alleged injuries and the incident at issue is not readily apparent to a lay person, expert medical testimony as to medical causation is typically required." *Rivera v. Royal Caribbean Cruises Ltd.*, 711 F. App'x 952, 954 (11th Cir. 2017) (per curiam).

Here, the government points to medical testimony indicating that Henry's *gout* was the cause of his post-September 2015 damages, not the collision. Specifically, it notes that Dr. Wolff characterized Henry's symptoms in October 2015 as a "gout attack." Wolff Dep. 34:11-16, ECF No. 18. When asked whether Henry's gout attack in October 2015 and the car collision were related, Dr.

---

[1] Under the FTCA, the law of the state where the alleged negligent act or omission occurred governs the rights and liabilities of the parties. *Schippers v. United States*, 715 F.3d 879, 887 (11th Cir. 2013). Here, the collision occurred in Georgia so Georgia law applies.

4

Wolff replied, "I believe [based on Henry's] presentation and the nature of it, and his history of gout and the labs that were performed, and the results that we had and the surgery that we had, to – my opinion would not be related to something that happened 29 days before." *Id*. at 36:6-21. Dr. Wolff also stated that he did not believe trauma could cause a gout attack, and he had not read about a link between the two or seen it in his practice. *Id*. at 45:13-25.

Henry points to no evidence and no expert medical testimony to contradict Dr. Wolff's statements. Without such evidence, a jury could not reasonably conclude that the collision caused his post-September 2015 gout related damages. *See Rivera*, 711 F. App'x at 955 (finding causation was not shown because "[w]ithout medical expert testimony, it is not possible to distinguish between the ailments [the plaintiff] experienced before the fall and those she experienced after—and due to—the fall"). Therefore, the government is granted partial summary judgment on Henry's claims arising from his post-September 2015 medical treatments related to his gout.

IT IS SO ORDERED, this 27th day of January, 2020.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA